UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| REKECIA HOWARD | § | DOCKET NO.: |
| VERSUS | § | JUDGE |
| BROOKSHIRE GROCERY COMPANY | § | MAGISTRATE JUDGE |

### NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes **BROOKSHIRE GROCERY COMPANY**, defendant herein, who, respectfully represents that:

1.

Plaintiff, **REKECIA HOWARD**, has asserted a civil cause of action against **BROOKSHIRE GROCERY COMPANY** seeking to recover damages for personal injuries allegedly sustained as a result of a slip and fall which allegedly occurred on or about February 10, 2020, in Mansfield, Desoto Parish, Louisiana.

2.

Defendant, **BROOKSHIRE GROCERY COMPANY**, is incorporated in the State of Texas, and its principal place of business is in the State of Texas.

3.

Plaintiff, **REKECIA HOWARD**, is a domiciliary of the Parish of Desoto, State of Louisiana.

4.

The Petition for Damages of **REKECIA HOWARD** was filed in the Forty-Second Judicial District Court, Desoto Parish, Louisiana, on November 17, 2020. A copy of the Petition is attached hereto as Exhibit "A".

5.

Although no responsive pleadings have been filed in the state court proceeding, undersigned counsel does represent **BROOKSHIRE GROCERY COMPANY**, the defendant named in this case.

6.

Article 893 A(1) of the Louisiana Code of Civil Procedure provides:

*No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate.*

7.

Despite the mandate of Article 893 A(1) as set forth above, plaintiff made no allegation in the Petition regarding the amount in controversy. Specifically, there was no reference to the $75,000.00 threshold necessary for removal of the state court action to federal court under 28 U.S.C. Section 1332(a). Thus, the amount in controversy is not ascertainable based on the Petition filed on behalf of plaintiff.

8.

Plaintiff does itemize damages in Article X of the Petition as follows:

    A. Past physical pain, suffering and discomfort;

    B. Past mental anguish, aggravation and annoyance;

    C. Disability;

    D. Future physical pain, suffering and discomfort;

    E. Future mental anguish, aggravation and annoyance;

    F. Past medical expenses;

    G. Future medical expenses;

    H. Loss of Enjoyment of Life

    I.  Loss of use and/or function of parts of their body

    J. Bodily disability

    K.  Impairment of psychological functioning;

    L.  Disability from engaging in recreation;

  M. Destruction of earning capacity; and

  N.  Any and all other damages proven at a trial of this matter

9.

Prior to filing the suit, counsel for plaintiff did forward to **BROOKSHIRE GROCERY COMPANY** medical records regarding treatment of plaintiff. Those records show treatment for complaints of low back pain and right knee pain. The records include a diagnosis of an acute medial meniscal tear as well as a statement that plaintiff would "likely" need arthroscopic treatment. A copy of the medical records provided by counsel for plaintiff to **BROOKSHIRE GROCERY COMPANY** are attached hereto as Exhibit "B".  Those copies have been redacted pursuant to Rule 5.2(a) of the Federal Rules of Civil Procedure.

10.

Counsel for plaintiff also forwarded a letter to **BROOKSHIRE GROCERY COMPANY** prior to filing suit advising that plaintiff had been recommended for right knee surgery.  A copy of that letter is attached hereto as Exhibit "C". Additionally, Gregory C. Chiartano one of the counsel representing plaintiff has orally advised undersigned counsel for **BROOKSHIRE GROCERY COMPANY** that Ms. Howard did in fact subsequently undergo surgery on her right knee.

11.

There is complete diversity of citizenship between the plaintiff and defendant.

12.

**BROOKSHIRE GROCERY COMPANY** was served with plaintiff's Petition for Damages through its agent for service of process, CT Corporation, on November 24, 2020.

13.

This Removal is timely in that it is filed within thirty days from service of the Petition on **BROOKSHIRE GROCERY COMPANY**.

14.

Pursuant to 28 U.S.C. Section 1332(a), this court has original jurisdiction over this matter.

15.

This matter is properly removable to the Western District of Louisiana, Shreveport Division, from the state court in Desoto Parish, Louisiana.

16.

Upon filing of this Notice of Removal, **BROOKSHIRE GROCERY COMPANY** will give written notice to plaintiff and will file a copy of the Notice of Removal with the Clerk of Court of the Forty-Second Judicial District Court for the Parish of Desoto.

WHEREFORE, **BROOKSHIRE GROCERY COMPANY** prays that this Notice of Removal be deemed good and sufficient and that the suit entitled "Rekecia Howard v. Brookshire Grocery Company," Number 81786 on the docket of the Forty-Second Judicial

District Court, Desoto Parish, Louisiana, shall be removed to this Court and that the Forty-Second Judicial District Court, Desoto Parish, Louisiana, case shall proceed no further therein, unless the case is remanded.

Respectfully submitted,

LUNN IRION LAW FIRM LLC

P.O. Box 1534
Shreveport, LA   71165-1534
Phone:  (318) 222-0665
Fax:  (318) 220-3265
Email: jam@lunnirion.com

By: _____S/ James A. Mijalis_____
JAMES A. MIJALIS
Bar No. 17057
ATTORNEYS  FOR DEFENDANTS, BROOKSHIRE GROCERY COMPANY

## CERTIFICATE

I HEREBY CERTIFY that on December 14, 2020, a copy of the foregoing *Notice of Removal* was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Mr. Kurt A. Offner by operation of the court's electronic filing system and via email.

S/ James A. Mijalis
OF COUNSEL