DIV. "A"

42ND JUDICIAL DISTRICT COURT FOR THE PARISH OF DESOTO

STATE OF LOUISIANA

NO.   81786                                          DIVISION " "

REKECIA HOWARD

VS.

BROOKSHIRE GROCERY COMPANY AND XYZ INSURANCE COMPANY

FILED:_____      _____
                                            DEPUTY CLERK

PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel comes Petitioner **REKECIA HOWARD**, a person of the full age of majority and domiciled in the Parish of Desoto, State of Louisiana, who respectfully represents the following:

1.

Made Defendants herein are:

A.)  **BROOKSHIRE GROCERY COMPANY** (hereinafter sometimes referred to as "BROOKSHIRE"), upon information and belief, is a foreign corporation licensed to do and doing business in the State of Louisiana; with its principal business establishedment in Louisiana located at 4701 Central Avenue, Monroe, Louisiana 71203 and

B.)  **XYZ INSURANCE COMPANY**, upon information and belief, is a foreign insurance company, authorized to do, and doing business in the State of Louisiana, who at all times relevant hereto had in full force and effect a policy of liability insurance covering the Defendant, **BROOKSHIRE GROCERY COMPANY**, from the type of liability alleged herein and will be named after Discovery.

2.

Venue is proper in this Parish pursuant to *Louisiana Civil Code of Procedure Article 74* because the wrongful conduct occurred in and the damages were sustained in the Parish of Desoto.

Exhibit A

DIV. "A"

3.

On or about February 10, 2020, Petitioner, REKECIA HOWARD, was a guest patron at the BROOKSHIRE, store #91, located at 1117 Polk Street, in Mansfield, Louisiana, an area within the jurisdiction of this Court.

4.

As Petitioner, REKECIA HOWARD entered into BROOKSHIRE store #91, she turned right towards the deli department within close proximity of a box cooler, when suddenly and without warning , Petitioner slipped and fell in a puddle on the floor , which resulted in personal and bodily injuries to the Petitioner.

5.

The slippery and unreasonable dangerous condition of the floor was the direct cause of the Petitioner's injury.   BROOKSHIRE knew or should have known that a dangerous condition existed due to the very nature of the series of puddles near the box cooler.

6.

BROOKSHIRE failed to among other things, place or set-out cones or warning placards to warn guest patrons of the slippery and dangerous conditions of the floor. BROOKSHIRE had a duty to the public, and especially the Petitioner, to maintain its premises in a reasonably safe condition for the public's use but failed to do so.

7.

The existence of the hazardous condition of the floor presented an unreasonable risk of harm to the patrons of BROOKSHIRE, and especially to the Petitioner and that risk of harm was or should have been reasonably foreseeable by BROOKSHIRE.

8.

Upon information and belief BROOKSHIRE had actual and/or constructive knowledge of the condition of the on the floor and was on notice of such conditions and subsequently the condition of the floor, which created a hazard, prior to the petitioner's accident. BROOKSHIRE had a duty to the public, and especially the Petitioner, to discover and keep the premises free of any hazardous conditions which reasonably might give rise to damages but failed to so.

2

9.

Petitioner shows that the accident and the resulting injuries were caused solely by the direct, gross negligence, fault, want of care and/or skill on the part of the Defendant BROOKSHIRE, its employees, agents and/or assigns in the following non-exclusive enumerated acts and omissions:

1. Failing to exercise reasonable care to prevent the unreasonably dangerous condition which caused plaintiff's injuries;

2. Failing to exercise reasonable care to prevent the injury to plaintiff;

3. Creating an unreasonably dangerous condition and failing to correct it or warn of its existence;

4. Failing to discover an unreasonably dangerous condition and failing to correct it or warn of its existence;

5. Failing to properly follow reasonable and adequate cleanup procedures which would have removed the unreasonably dangerous condition which injured petitioner;

6. Failing to properly enforce reasonable and adequate cleanup procedures which would have removed the unreasonably dangerous condition which injured petitioner;

7. Failing to routinely inspect and keep the premises in a safe and suitable condition;

8. Failing to provide a safe environment for its patrons; and

9. For any and all other want of care, dereliction of duty, acts of negligence as may be determined, including but not limited to La. Civil Code arts., 2315, et seq., most notably Civil Code articles 2315, 2316, 2317, and 2320.

10.

Petitioner, REKECIA HOWARD, itemized their damages to which they are entitled as a result of the accident and injury proximately caused by the above described negligence of the defendants listed above, as follows, to-wit:

    A.  Past physical pain, suffering and discomfort;

    B.  Past mental anguish, aggravation, and annoyance;

    C.  Disability;

    D.  Future physical pain, suffering, and discomfort;

    E.  Future mental anguish, aggravation, and annoyance;

    F.  Past medical expenses;

    G.  Future medical expenses;

    H.  Loss of enjoyment of life;

    I.  Loss of use and/or function of parts of their body;

    J.  Bodily disability;

    K.  Impairment of psychological functioning;

    L.  Disability from engaging in recreation;

    M.  Destruction of earning capacity; and

    N.  Any and all other damages proven at a trial of this matter.

11.

That at all times material hereto, there was in full force and effect a policy of liability insurance issued by Defendant XYZ INSURANCE COMPANY, which by the terms and conditions of said policy, XYZ INSURANCE COMPANY contractually agreed to afford liability insurance coverage for injuries caused by, BROOKSHIRE and therefore XYZ INSURANCE COMPANY is made a party Defendant, and is liable for whatever amount BROOKSHIRE may be cast in judgment.

4

12.

The Defendants are jointly, severally, and solidarily liable to the Petitioner for the above

damages.

WHEREFORE, Petitioner, REKECIA HOWARD, prays that the Defendants

BROOKSHIRE GROCERY COMPANY be served with a copy of this petition and cited to

appear and answer same, and that after due proceedings are had, there be judgment in favor of

Petitioner, and against the Defendants, BROOKSHIRE GROCERY COMPANY AND XYZ-

INSURANCE COMPANY jointly, severally, and *in solido,* for damages as are reasonable in the

premises with legal interest thereon from date of judicial demand until paid, and for all costs of

these proceedings, attorney fees and all general and equitable relief deemed proper by this

Honorable Court.

Respectfully Submitted:
ALVENDIA, KELLY & DEMAREST, LLC
*/s/Kurt A. Offner*

**KURT A. OFFNER, 28176**
**RODERICK "RICO" ALVENDIA, 25554**
**J. BART KELLY, III, 24488**
**JEANNE K. DEMAREST, 230232**
**JENNIFER KUECHMANN, 36886**
909 Poydras Street, Suite 1625
New Orleans, Louisiana 70112
Telephone (504) 200-0000
Facsimile: (504) 200-0001

**-AND-**
**GREGORY J. CHIARTANO, 33058**
3801 Canal Street, Ste. 211
New Orleans, Louisiana 70119
Telephone: (504) 470-3232
Facsimile: (888) 402-8927
Email: greg@chiartano.com

*ATTORNEYS FOR PLAINTIFF*

**PLEASE SEE NEXT PAGE FOR SERVICE INFORMATION:**

5

PLEASE SERVE:

**BROOKSHIRE GROCERY COMPANY**
**Through its agent for service of process-**
**CT Corporation System**
**3867 Plaza Tower Drive**
**Baton Rouge, Louisiana 70816**

**XYZ INSURANCE COMPANY**
**(HOLD SERVICE)**

6

A TRUE COPY - ATTEST

*Renie Henks*

CLERK OF THE DISTRICT COURT
DESOTO PARISH, LOUISIANA